# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HELEN RE RE T. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) Case No. 18-cv-5013 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| ILLINOIS DEPARTMENT OF HUMAN RIGHTS and MARY E. EVANS DAVIS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Illinois Department of Human Rights' motion to dismiss [20] is granted and the plaintiff's motion to strike [25] is denied. This case is dismissed without prejudice.

## STATEMENT

The plaintiff, Helen Re Re T. Williams, brings this action against the Illinois Department of Human Rights (IDHS) and Mary E. Evans-Davis. Evans-Davis, however, has not yet been served, and therefore IDHS is the sole defendant before this Court. IDHS now moves to dismiss Williams' complaint based on its Eleventh Amendment immunity, and, alternatively, on Williams' failure to state a claim on which relief may be granted.

As an initial matter, the Court notes that Williams has filed a motion to strike IDHS' motion to dismiss. That motion, which is three sentences in length, fails to set forth any legal basis on which this Court could strike IDHS' motion. Instead, it asserts that further investigation and evidence are required. A motion to dismiss, however, assesses the sufficiency of the plaintiff's complaint, not the adequacy of the evidence this Court. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). Lack of evidence therefore is no basis for striking a motion to dismiss. Accordingly, Williams' motion to strike must be denied.

The Eleventh Amendment bars any suit brought in federal court against an unconsenting state by its own citizens or by the citizens of another state. *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *see* U.S. CONST. amend. XI. This bar extends to state agencies, including IDHS. *Weston v. Illinois Dep't of Human Services*, 433 Fed. Appx. 480, 482 (7th Cir. 2011). Illinois has not waived its sovereign immunity to suit in federal court, and Williams' claims against IDHS are therefore barred by the Eleventh Amendment. *See* 705 ILCS 505/1 *et seq.*

Even if Williams claims were not barred, moreover, her complaint fails to state a claim on which relief can be granted. The Federal Rules of Civil Procedure require that the allegations in a complaint contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011).

Here, Williams complaint fails to demonstrate a plausible right to relief. Williams' allegations generally reflect that she has filed multiple human rights cases with the IDHR and that she has been dissatisfied with the manner in which those matters have been handled or resolved. The damages that she identifies in her complaint, however, are being charged with a Class C misdemeanor. At argument, Williams further asserted that the "Equal Housing Opportunity Department" failed to pursue retaliation claims based on a domestic disturbance caused by a guest in her apartment. Williams complaint and other filings fail to plausibly identify a connection between the damages she claims and the facts that she has alleged or to demonstrate that the IDHR's handling of her cases with that agency in some manner violated Williams' constitutional rights. The Court reminds the plaintiff that a complaint must contain a short, plain, and easily understood description of the

circumstances that give rise to her claims. It is unclear, from the face of Williams complaint and consideration of her subsequent filings, what harm she is claiming, who she is claiming caused that harm, or what legal basis she believes entitles her to relief. Accordingly, Williams' complaint against the IDHS is dismissed as barred by the Eleventh Amendment and for failing to state a claim on which relief may be granted.

Date: 1/14/2019                                        Entered: _____
                                                                         SHARON JOHNSON COLEMAN
                                                                         United States District Court Judge